UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONNE HEILMAN,

    Plaintiff,

v.

LANDRY'S RESTAURANTS, INC., ET AL.,

    Defendants.
    _____/

Case No. 09-14614

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE JUDGE [68]**

This matter comes before the Court on this pro se Plaintiff's motion to recuse Judge Edmunds. The Court finds that the facts and legal arguments are adequately presented in this motion and the parties' briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule LR 7.1(f)(2), Plaintiff's motion will be decided on the briefs and without oral argument.

For the reasons stated below, Plaintiff's motion is DENIED.

**I. Analysis**

Plaintiff disagrees with how the Court, the Magistrate Judge, the court clerk, her former attorney, and defense counsel are handling her case. Accordingly, Plaintiff brings this motion for recusal arguing that this Court and its judicial officers are prejudiced against her and cannot be impartial. Plaintiff contends that, unless her case is transferred to another district court, she cannot receive fair treatment.

Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 WL 296865, **2-3 (6th Cir. Oct. 15, 1992). *See also Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Motions for the recusal of a judge or magistrate judge are addressed in 28 U.S.C. §§ 144 and 455. Sections 144 and 455 are construed *in pari materia*. *Youn*, 324 F.3d at 423.

As to Plaintiff's claims of actual personal bias and prejudice, it is well-established that such bias must be extrajudicial. *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (addressing a motion to recuse brought pursuant to § 455(b)(1)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn*, 324 F.3d at 423. "Extrajudicial conduct encompasses only personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* (internal quote and citation omitted).

As the Supreme Court explained in *Liteky v. United States*, 510 U.S. 540 (1994), knowledge gained and opinions formed by a judge during court proceedings cannot support a claim of recusal for improper bias or prejudice:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed toward the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly or necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he

> could never render decisions." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943). Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Id.* at 550-51. Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. This is because, when viewed alone, "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* Rather, the challenged judicial rulings "are proper grounds for appeal, not for recusal." *Id.*

The Court further clarified that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Despite Plaintiff's arguments to the contrary, there is no reasonable factual basis for concluding that it was impossible for the Court to make a fair judgment with regard to Plaintiff's claims. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* To show improper bias or partiality, Plaintiff must show that the challenged judicial conduct "reveal[s] an opinion that derives from an extrajudicial source. . . ." *Id.* Similar to the plaintiff in *Jamieson*, Plaintiff here makes no allegation that the Court's rulings were based on any extrajudicial activities or derived from an extrajudicial source. *Jamieson*, 427 F.3d at 405.

Moreover, as the *Liteky* Court observed, improper bias or partiality is not established by a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger . . . ." *Id.* at 555-56. "A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." *Id.* at 556. Accordingly, Plaintiff's complaints that the Court was too stern or short-tempered either in its rulings or during court proceedings are inadequate to establish the sort of improper bias or prejudice that would require recusal. Thus, this Court rejects Plaintiff's arguments that recusal is required. *See* 28 U.S.C. §§ 144 and 445(b)(1).

For all the reasons stated above, arguments that recusal is required under 28 U.S.C. § 445(a) likewise fail. *See Liteky*, 510 U.S. at 553 (holding that the "'extrajudicial source' limitation" governs "for purposes of § 455(a) as well."). *Accord, Youn*, 324 F.3d at 423. Applying the principles set forth in *Liteky*, this Court concludes that Plaintiff has not alleged facts reasonably calling into question its impartiality. As in *Liteky*, Plaintiff's grounds for recusal consist of judicial rulings, ordinary admonishments, and routine case administration, all occurring during the course of judicial proceedings. *See Liteky*, 510 U.S. at 556. Plaintiff has not shown that the Court relied on knowledge acquired outside these court proceedings or displayed the sort of deep-seated and unequivocal antagonism that would establish that it was impossible for the Court to render a fair judgment. *Id.*

II. Conclusion

For the above-stated reasons, Plaintiff's motion for recusal is DENIED.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: March 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager