UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONNE HEILMAN,

    Plaintiff,                    CIVIL ACTION NO. 09-14614

    v.                          DISTRICT JUDGE NANCY G. EDMUNDS

LANDRY'S RESTAURANTS, INC.,    MAGISTRATE JUDGE MARK A. RANDON
C.A. MUER CORP.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO**
**GRANT DEFENDANT'S MOTION TO DISMISS (DKT. 81)**

This matter is before the Court on Defendant Landry's Restaurants, Inc./C.A. Muer Corp.'s ("Defendant") motion to dismiss (Dkt. 81). This motion was referred to the undersigned by Judge Nancy G. Edmunds on May 23, 2011 (Dkt. 83). Plaintiff Dionne Heilman ("Plaintiff") failed to file a written response to Defendant's motion, despite being ordered to do so (Dkt. 84). The Court held a hearing on Defendant's motion to dismiss on July 7, 2011. Plaintiff failed to appear at the hearing, despite being sent notice to appear (Dkt. 84).

As discussed in greater detail in prior orders of the Court (Dkts. 78 & 85), Plaintiff has persistently refused to participate in discovery in this matter. Plaintiff has blatantly defied Court orders requiring her to schedule and attend her deposition. The Court gave Plaintiff numerous warnings that a continued failure to participate in discovery would result in the dismissal of her case. The federal rules provide for dismissal of this case due to Plaintiff's failure to comply with the directives of the Court's May 11, 2011 Show Cause Order (Dkt. 78). That Order gave

Plaintiff until May 20, 2011 to schedule her deposition.  Plaintiff failed to abide by the Show Cause Order, but rather filed a "motion for enlargement of time" (Dkt. 79) on May 20, 2011, which the undersigned promptly denied as frivolous (Dkt. 85). Rule 37(b)(2)(A) provides:

> If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following:
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> Fed.R.Civ.P. 37(b)(2)(A)(ii) and (v).

Rule 37(d) also provides for dismissal of this case due to Plaintiff's failure to attend her own deposition:

> The court where the action is pending may, on motion, order sanctions if:
>
> (I) a party ... fails, after being served with proper notice, to appear for that person's deposition...

Fed.R.Civ.P. 37(d)(1)(A)(I). Rule 37(d)(3) states that sanctions may include any listed in Rule 37(b)(2)(A)(i)-(vi).

In assessing a district court's decision to dismiss a complaint, the Sixth Circuit considers four factors in particular: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997).

Here, Plaintiff has repeatedly failed to participate in discovery, and discovery has now ended under the scheduling order. Plaintiff's conduct constitutes bad faith. Furthermore, Plaintiff's conduct has prohibited Defendant from conducting any meaningful discovery and Defendant has been prejudiced as a result. This Court has explicitly warned Plaintiff that failing to cooperate in discovery could lead to dismissal of her case (Dkt. 78). Plaintiff, however, has failed to file anything with this Court explaining her inaction in this matter and failed to appear at the hearing on Defendant's motion to dismiss. Dismissal under Rule 37 is therefore warranted.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Dkt. 81) be **GRANTED**. Plaintiff's case should be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response filed shall be no more than twenty (20) pages

in length, unless by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                      s/Mark A. Randon
                                      MARK A. RANDON
                                      UNITED STATES MAGISTRATE JUDGE

Dated:  July 7, 2011

*Certificate of Service*

    *I hereby certify that a copy of the foregoing document was served on the parties of record on this date, July 7, 2011, by electronic and/or first class U.S. mail.*

                                      *s/Barbara M. Radke*
                                      *Judicial Assistant to*
                                      *Magistrate Judge Mark A. Randon*
                                      *(313) 234-5540*

**Copy mailed to:**

**Dionne Heilman**
**3745 Bennett Avenue**
**Flint, MI 48506**